IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN E. LYLES, #402683, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-16-3724 |
| STATE OF MARYLAND and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

\*\*\*

**MEMORANDUM OPINION**

The Respondents move to dismiss Norman E. Lyles' Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF 4). Lyles was granted an opportunity to reply (ECF 5), and has done so. (ECF 6). After reviewing the Petition and the Response, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition as time-barred.

I.      **Procedural History**

Following his March 8, 2012 guilty plea in the Circuit Court for Washington County for three counts of first-degree assault and one count of second-degree assault, Lyles was sentenced on the date of his plea to a total term of 25 years of incarceration. (ECF 1, ECF 1-3, ECF 1-4). Lyles did not file a timely application for leave to appeal his guilty plea and sentence, *id.*, and his judgment of conviction became final on Monday, April 9, 2012, when the time for filing leave to appeal expired pursuant to Md. Rule 8-204.

Five months after his judgment of conviction became final, on September 9, 2012, Lyles filed three post-judgment motions, including a motion to correct an illegal sentence. ECF 1-3

and ECF 1-4. The motions were denied on October 15, 2012. *Id.* Lyles did not file a timely appeal of the motion to correct an illegal sentence, which became final on November 14, 2012, pursuant to Md. Rule 8-202.

On November 2, 2012, Lyles filed a petition for post-conviction relief in the Circuit Court for Washington County. ECF 1-3, ECF 1-4. On March 11, 2013, that court granted Lyles' motion to withdraw the petition. *Id.* Lyles waited more than a year after the motion to withdraw was granted, until October 21, 2014, to file another post-conviction petition. That petition was denied on July 14, 2016. *Id.* Lyles did not properly file a motion seeking leave to appeal the adverse ruling of the post-conviction court (*see* ECF 1-4), which rendered post-conviction proceedings final on Monday, August 15, 2016, pursuant to Md. Rule 8-204.

On November 16, 2016, the Clerk received Lyles' undated habeas corpus Petition, raising allegations that his sentence was improper and he did not knowingly waive his right to a jury trial. (ECF 1 at pp. 5, 8). Lyles asks for leniency with regard to the late filing of his federal Petition because he has been proceeding without counsel and is not knowledgeable in the law. (ECF 6).

II. **Analysis**

Respondents argue that the Petition is time-barred. The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run no later than April 9, 2012, after the time for seeking leave to appeal expired. Nearly five months elapsed before Lyles filed a motion to correct an illegal sentence.

The motion to correct an illegal sentence was denied. Lyles did not note an appeal of the

2

denial of that motion, but instead filed a petition for post-conviction relief. That motion filed on November 2, 2012, tolled the limitations period until it was withdrawn on March 11, 2013. Lyles did not again seek post-conviction relief until October 21, 2014, more than 19 months after the initial petition was withdrawn. During this time, there were no proceedings in state court that would have tolled the limitations period of 28 U.S.C. § 2244(d). Lyles presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Lyles must establish that either some wrongful conduct by Respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance).

Lyles provides no explanation as to why he withdrew his initial post-conviction petition, then delayed re-filing the petition for more than a year. To the extent the delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Lyles has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the court will deny and dismiss the Petition. A certificate of appealability will not issue because Lyles has

not made a "substantial showing of the denial of a constitutional right."[1] A separate order follows.

3/27/2017
Date

GEORGE JARROD HAZEL
United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Lyles from requesting a certificate of appealability from the appellate court.